UNITED STATES DISTRICT COURT
NORTSHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:01-CR-101 |
| | ) | |
| ALBERT SANDERS | ) | |
| | ) | |

**OPINION AND ORDER**

Albert Sanders ("Sanders") is currently serving a sentence for armed bank robbery in violation of 18 U.S.C. §2113(a) and (d) and for using a firearm during a crime of violence, in violation of 18 U.S.C. §924(c)  He now moves this Court pursuant to 28 U.S.C. §2255 to vacate his conviction and sentence under the §924(c) charge in light of *Johnson v. United States,* 135 S.Ct. 2551 (2015) [DE 51].  The Government opposes Sanders's petition asserting that Sanders's 924(c) conviction is unaffected by the decision in *Johnson*.  For the following reasons, Sanders's Motion pursuant to 28 U.S.C. §2255 will be DENIED.

**DISCUSSION**

As noted above, Sanders was convicted of armed bank robbery and using a firearm during a crime of violence, (hereinafter, "the §924(c) conviction").  His motion challenges only the §924(c) conviction asserting that armed bank robbery is not a "crime of violence" and that *Johnson*, which changed the definition of a crime of violence as that term is applied for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B), determined that armed bank robbery could not be a predicate offense for a §924(c) conviction under that statute's residual clause.

1

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B), "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S. Ct. at 2557. The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a felon-in-possession sentence to those that qualify under the enumerated or force clauses. Thus, the ACCA residual clause can no longer support a defendant's classification as an armed career criminal.

Defendant argues that the newly recognized right established in *Johnson* is applicable not only to the ACCA, but to § 924(c) as well, which also contains a residual clause in its definition of crime of violence, § 924(C)(3)(B). Thus, the Defendant asserts that *Johnson* also invalidates the residual clause in §924(c)(3)(B). The Court begins its discussion with the statute itself.

Section 924(c)(1)(A) provides specified mandatory minimum sentences for persons convicted of a "crime of violence" who use or carry a firearm in furtherance of that crime. Indeed, as the defendant notes, §924(c)(3) contains both a "force clause" as well as a "residual clause" and defines "crime of violence" as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Courts generally refer to the '(A)' clause of section 924(c)(3) as the "force clause" and to the '(B)' clause of section 924(c)(3) as the "residual clause."

The problem for Sanders in the present instance is that he is not a proper test case for the Court to determine whether *Johnson* invalidates §924(c)(3)(B). Indeed, this Court need not assess the validity of §924(c)(3)(B) in light of *Johnson* because, even assuming *Johnson* would invalidate it, this Circuit clearly defines "bank robbery" as qualifying under the "force clause."

Federal law defines bank robbery as the taking "by force and violence, or by intimidation," of bank property "from the person or presence of another." 18 U.S.C. §2113(a). Moreover, the Seventh Circuit has defined intimidation as the threatened use of force. *United States v. Jones,* 932 F.2d 624, 625 (7th Cir. 1991). Thus, because the "force clause" encompasses crimes that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. §924(c)(3)(A), the classification of federal bank robbery as a crime of violence is unaffected by *Johnson* **even if** *Johnson* is ultimately found to invalidate the residual clause of §924(c)(3)(B).[1] Moreover, the Seventh Circuit has expressly confirmed this conclusion. In *United States v. Armour*, 2016 WL 6440383 at *2 (7th Cir. November 1, 2016), the court held that the *Johnson* decision was inapplicable to a defendant convicted under 18 U.S.C. § 924(c)(1)(A), "because the federal crime of attempted bank robbery qualifies as a crime of violence

---

[1] It is worth noting that the courts are varied in their assessment of whether *Johnson* also invalidates the residual clause of §924(c)(3)(B). *See United States v. Hill*, 2016 WL 4120667, at *8 (2d Cir. Aug. 3, 2016) (holding that *Johnson* is inapplicable to the residual clause of § 924 because "Section 924(c)(3)(B) does not involve the double-layered uncertainty present in *Johnson*"); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is ... without merit"); *see United States v. Armour*, 2016 WL 6440383 at *2 (7th Cir. November 1, 2016) (discussing §924(c)(3)(B) and noting that the "parallels to [*Johnson*] and the ACCA definition are strong."); *United States v. Rubio*, 2016 WL 6821854, at *5 (E.D. Cal. Nov. 17, 2016) ("the Court finds it cannot escape the conclusion that the § 924(c)(3) residual clause is unconstitutionally vague…").

under the 'elements' clause of the definition, which is not unconstitutionally vague." Given the above state of the law in this circuit, it is a fairly swift conclusion that Sanders's argument does not prevail.

## **CONCLUSION**

For the reasons discussed, Petitioner's § 2255 motion [DE 51] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

Entered: This 22nd day of December, 2016

s/ William C. Lee  
United States District Court